IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PAMELA SHILLINGFORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HESS OIL OF THE VIRGIN ISLANDS | : | |
| (HOVIC), et al. | : | NO. 98-232 |

MEMORANDUM

Bartle, C.J.                                    November 3 , 2008

        Plaintiff Pamela Shillingford instituted this race
discrimination and wrongful discharge action against defendants
Hess Oil of the Virgin Islands Corporation ("HOVIC"), Amerada
Hess Corporation ("Amerada Hess"), American Express ("AMEX"),[1]
and Southerland Tours, Inc. ("Southerland Tours").  See 42 U.S.C.
§§ 1981, 1985, 1986, and 2000e et seq.  She now brings a motion
to compel defendants HOVIC and Amerada Hess (collectively
"defendants") to provide (1) complete responses to discovery; (2)
corporate officers who are prepared and able to testify regarding
facts occurring during the time of plaintiff's employment at
HOVIC; and (3) relevant information regarding the qualifications,
benefits, salary, and disciplinary action of Josephine Trotter,
Norma Rohrbach, and Christopher Laginni.  In the alternative,
Shillingford requests that this court "deem certain facts

_____

1.  By order docketed September 15, 1999, the court granted the
motion of defendant AMEX to dismiss the complaint against it.  On
December 10, 2007, this action against AMEX was terminated after
Southerland's cross-claim against it was dismissed.

admitted" and strike defendants' affirmative defenses.  Plaintiff also seeks attorneys' fees and costs associated with bringing this motion.

According to Shillingford, an African-American woman, she began working on the HOVIC premises in 1989 as a travel manager.  In that capacity she made business travel arrangements for employees of HOVIC, HOVIC contractors, and Amerada Hess. AMEX and Southerland Tours were involved in controlling the travel office in which Shillingford worked.  Central to this lawsuit is the question of which company employed Shillingford.

On July 31, 1997 Shillingford was injured while on a work assignment.  After a dispute, AMEX, through Southerland Tours, took responsibility for Shillingford's workers' compensation.  Upon her return to the HOVIC site on May 20, 1998, she was escorted off the premises.  Shillingford claims to have been replaced by a white female travel manager.  She also asserts that during the course of her employment she received substantially less compensation and benefits than other similarly situated employees.

Although Shillingford filed suit in November, 1998, discovery has been protracted.  Some ten years after this case's inception, Shillingford now brings her motion to compel.

First, Shillingford complains that "[n]o information has been produced to the plaintiffs [sic] regarding the travel office where plaintiff worked....  [D]efendants have repeatedly denied the existence of this office or department and have failed

to disclose information or provide relevant documents in their possession."  Pl.'s Br. at 5.

The law requires that "[a] party must produce all discoverable documents or things responsive to a request that are in the party's possession, custody or control.  Documents are deemed to be within the possession, custody or control of a party if the party has actual possession, custody, or control, or the legal right to obtain the documents on demand."  Nobles v. Jacobs/IMC, No. 2002/26, 2003 WL 23198817, *2 (D.V.I. Jul. 7, 2003) (citations omitted).

On June 26, 2007, HOVIC responded to Shillingford's request for production of documents related to the alleged HOVIC Travel Office.  The requested documents included, among others, job advertisements, the business license, time slips for personnel working at the HOVIC Travel Office, purchase orders and invoices for the HOVIC Travel Office, and the lease.  In its response, HOVIC did not deny the existence of a travel office as Shillingford claims.  Rather, HOVIC stated that it "did not operate any such 'HOVIC Travel Office.'"  HOVIC's Notice of Resp. to Pl.'s Req. for Produc. of Docs. at 1-7 (emphasis added). Shillingford also requested from HOVIC information about her employment.  Among other documents, she requested copies of disbursements made to her, her benefits and wage information, the hierarchy of command and supervision of her, and performance reviews or comments about her.  To these requests HOVIC responded that "Plaintiff was not employed by HOVIC."  Id. at 2-10.

Amerada Hess made similar responses to Shillingford's interrogatories.  It stated that it never operated an Amerada Hess Travel Office and did not employ Shillingford.  Amerada Hess' Resp. to Pl.'s First Set of Interrogs. at 6-12, 14, 16-20.

In Shillingford's document request number four to HOVIC she sought "all contracts with sub-contractors involved with operating the HOVIC Travel Office during the time of Plaintiffs [sic] employment to include specifically contracts with American Express Travel Related Services, Inc. and Travel Services of St. Croix d/b/a Southerland Tours."  HOVIC's Notice of Resp. to Pl.'s Request for Produc. of Docs. at 2.  Again, HOVIC replied that it did not operate a HOVIC Travel Office.  HOVIC has, however, made available to Shillingford the Travel Services Agreement between Amerada Hess Corporation and American Express Travel.  In his deposition, Rocco Colabella, a former HOVIC employee, testified that HOVIC was part of the corporate travel agreement between Amerada Hess and AMEX.  Colabella Dep. at 26-27.  This document is responsive to Shillingford's request for information on the nature of the contract amongst defendants.  Article 12 of that agreement states:

> AMEX's relationship to HESS in the performance of this Agreement is that of an independent contractor.  AMEX personnel performing Services under this Agreement shall, at all times, be under AMEX's exclusive direction and control, and shall be deemed employees of AMEX and not employees of HESS.  AMEX shall pay all wages, salaries, and other amounts due its employees in connection with this Agreement.

It therefore seems that defendants have produced the relevant documents in their possession that are responsive to Shillingford's requests.  We cannot compel them to produce something they do not have.

Second, Shillingford asks this court to compel defendants to provide corporate officers who are prepared and able to testify regarding facts that occurred during the time of her employment at the HOVIC site.  She objects to the deposition testimony of Rocco Colabella, HOVIC's corporate designee, and Donald Gay, Amerada Hess's corporate designee, because they were unfamiliar with the details of Shillingford's employment.

Federal Rule of Civil Procedure 30(B)(6) provides in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify....  The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(B)(6).  Under this rule, defendants presented two employees for deposition.  Their knowledge of Shillingford was less than what she would have liked.  Colabella testified on June 27, 2007 that Industrial Maintenance Corporation, a maintenance and clerical support contractor of HOVIC, was the company that hired Shillingford to work on HOVIC's premises.

-5-

Colabella Dep. at 12.  He did not know how much money
Shillingford earned because, he said, HOVIC did not pay her, and
he did not know for sure who directed her day-to-day activities.
Id. at 15, 18.  He also testified that neither HOVIC nor Amerada
Hess had any written agreements with Shillingford.  Id. at 25.
Similarly, Donald Gay testified on June 28, 2007 regarding his
time as an employee at HOVIC that Shillingford worked for AMEX
not HOVIC, that she provided no services for HOVIC, and that
there was no contractual relationship between Shillingford and
HOVIC.  Gay Dep. at 16, 22, 25, 26.

        That Shillingford dislikes Colabella's and Gay's
responses does not mean they were not the most appropriate or
knowledgeable employees, and it does not mean that defendants
violated Rule 30(B)(6).  We also note Shillingford deposed
Colabella and Gay nearly a year and a half before filing the
instant motion.  This "unexplained and inordinate delay" further
militates against granting her requested relief.  See Perez v.
Sphere Drake Ins., Ltd., No. Civ. 2001/11, 2003 WL 23198837, *4
(D.V.I. May 27, 2003).

        Third, Shillingford demands certain personnel
information.  Shillingford has brought an employment
discrimination case under the Civil Rights Act of 1991.  42
U.S.C. §§ 2000e et seq.  In order for her to state a claim, she
must be able to show that she was treated differently than other
similarly situated employees on the basis of her race and/or sex.
See Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d

639, 645 (3d Cir. 1998).  "Although employment information regarding a competing candidate in an employment discrimination case is subject to discovery, personnel files are confidential and discovery should be limited."  Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) (citation omitted).

Shillingford requests the qualifications, benefits, salary, and disciplinary action against three of defendants' employees:  Josephine Trotter, Norma Rohrbach, and Christopher Laginni.  She states that she previously requested the personnel files of Linda Lane and Josephine Trotter but that defendants produced only Lane's files.  Nowhere in her brief does Shillingford explain who Josephine Trotter is or why she wants her file.  She says only, "In the case of Linda Lane, her personnel files are relevant because plaintiff asserts that Linda Lane was hired to replace her and given greater salary and benefits."  Pl.'s Br. at 18.  Defendants produced Lane's file.

Shillingford deposed Trotter on February 6, 2008.  Her assertion that defense counsel "directed Ms. Trotter not to respond to questions regarding her compensation" is simply not correct.  Shillingford attached an excerpt of Trotter's deposition transcript to her brief.  On page 28, after an exchange with plaintiff's counsel about a question regarding Trotter's salary from Amerada Hess, defense counsel says, "Let me put it this way:  I'm not going to instruct the witness.  She is not my witness.  She does not work for the company.  She can answer questions as she sees fit."  Trotter Dep. at 28.  It is

-7-

Trotter who, when asked about her salaries at Amerada Hess, AMEX, and BTI World Travel, declined to answer explaining she would "really rather not say." Id. at 28-30. Shillingford took no action at that time to compel Trotter to answer.

Shillingford fails to document whether she previously requested from defendants documents related to Rohrbach and Laginni. In fact the first and only mention of Rohrbach and Laginni in the motion before us is in the last paragraph in plaintiff's prayer for relief. Thus, Shillingford has not provided us with sufficient justification to overcome these three employees' interests in the confidentiality of their records or to require defendants to produce their personnel files.

Finally, Shillingford requests that this court "deem certain facts admitted" and strike defendants' affirmative defenses. This request for relief is too vague for us to consider and it will accordingly be denied. She also seeks attorneys' fees and costs associated with bringing this motion. Because we find her motion to be without merit, we will not grant Shillingford her fees and costs.

For the reasons stated above, we will deny plaintiff's motion to compel in its entirety.